# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **SHOPPES AT THE FOREST LLC,** | ) | **Case No. 12-36800** |
| | ) | |
| Debtor. | ) | **Honorable Jacqueline P. Cox** |
| | ) | |
| | ) | **Hearing Date: April 2, 2013** |
| | ) | **Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 2, **2013 at 9:30 a.m.**, the undersigned shall appear before the Honorable Jacqueline P. Cox, in Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**, at which time and place you may appear if you so desire.

Dated: March 26, 2013

Respectfully submitted,

**SHOPPES AT THE FOREST LLC,**

By      /s/ Robert W. Glantz
        One of its attorneys

Robert W. Glantz (No. 6201207)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street
Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
Fax: (312) 980-3888

{10417-001 APPL A0339328.DOC}

## CERTIFICATE OF SERVICE

Robert W. Glantz certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Electronic Mail Notice List through the ECF System and upon the attached service list via U.S. Mail proper postage paid on this 26th day of March, 2013.

/s/ *Robert W. Glantz*

## Mailing Information for Case 12-36800
### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael P Brundage    michael.brundage@phelps.com, tricia.elam@phelps.com
- Robert W Glantz    rglantz@shawfishman.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

### U.S. Mail (Notice of Motion Only)

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL  32399-0185

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Lee County Taxing Authority
P.O. Box 1270
Fort Myers, FL  33902-1270

Brook Weiner LLC
125 S. Wacker Dr., 10th Flr.
Chicago, IL  60606

CenturyLink
P.O. Box 1319
Charlotte, NC  28201

Florida Fire Systems, Inc.
8144 Mainline Parkway
Fort Myers, FL  33912-5930

Florida Power & Light
General Mail Facility
Miami, FL  33188-0001

Forest Utilities, Inc.
P.O. Box 919073
Orlando, FL  32891-9073

Jesus Hernandez Lawn Care
5593 Briarcliff Road
Fort Meyers, FL  33908

Katz Barron Squitero Faust
Attn: Bernard Allen
2699 S. Bayshore Dr. 7th Flr.
Miami, FL  33133

Lee County Utilities
P.O. Box 30738
Tampa, FL  33630-3738

Mandel & Simms Real Estate Inc.
500 Lake Cook Rd., Ste. 350
Deerfield, IL  60015

Pest Solutions Plus
10801 Sunset Plaza Cir., Ste. 203
Fort Meyers, FL  33908-7509

Philadelphia Indemnity Insurance Co.
Floor Insurance Processing Center
P.O. Box 731178
Dallas, TX  75373-1178

Sam Barlow
1711 NW 11th Street
Cape coral, FL  38993

Waste Pro
P.O. Box 79765
Baltimore, MD 21279-0765

Phantom of Ft. Meyers, Inc.
DBA Phantom Fireworks c/o W.
Weimer
555 Martin Luther King Jr. Blvd.
Youngstown, OH  44502-1102

Shoppes at the Forrest LLC
c/o Lloyd Mandel
500 Lake Cook Rd., Ste. 350
Deerfield, IL  60015

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOPPES AT THE FOREST LLC, | ) | Case No. 12-36800 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: April 2, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

### COVER SHEET FOR FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Shoppes at the Forest LLC |
| Date of Order Authorizing Employment: | November 8, 2012, effective as of September 17, 2012 |
| Period for Which Compensation is Sought: | September 17, 2012 through December 31, 2012 |
| Amount of Fees Sought: | $57,190.00 |
| Amount of Expense Reimbursement Sought: | $1,422.45 |

This is a(n): ☐ Interim Application   ☒ Final Application

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

Applicant:                          Shaw Fishman Glantz & Towbin LLC

Date:   March 26. 2013          By:   /s/ Robert W. Glantz

{10417-001 APPL A0339328.DOC}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **SHOPPES AT THE FOREST LLC,** | ) | **Case No. 12-36800** |
| | ) | |
| **Debtor.** | ) | **Honorable Jacqueline P. Cox** |
| | ) | |
| | ) | **Hearing Date: April 2, 2013** |
| | ) | **Hearing Time: 9:30 a.m.** |

### FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF

Robert W. Glantz and the law firm of Shaw Fishman Glantz & Towbin LLC (collectively, "Shaw Fishman") applies to this c ourt (the "Application"), pursuant to 11 U.S.C. § 330 and Federal Rules of Bankruptcy Procedure 2002(a)(6) and 2016(a) and Local Bankruptcy Rule 5082-1, for the allowance of $57,190.00 in compensation for 154.40 hours of professional Services (the "Services") rendered on behalf of Shoppes at the Forest LLC (the "Debtor"), and for the reimbursement of $1,422.45 for expenses (the "Expenses") incurred incidental to the Services during the period of September 17, 2012 through December 28, 2012 (the "Application Period"). In support of this Application, Shaw Fishman respectfully states as follows:

### BACKGROUND

1.      On September 17, 2012 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

2.      The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or committee of unsecured creditors has been appointed in the Case.

3.      The Debtor is a sole member limited liability company owned by Lloyd Mandel ("Mandel"). The Debtor is a single asset real estate business as defined by 11 U.S.C. § 101(51B).

4.      On November 16, 2012, the Debtor filed its *Chapter 11 Plan of Liquidation* [Docket No. 32] (the "Plan") and *Disclosure Statement with Respect to Chapter 11 Plan of Liquidation* [Docket No. 33] (the "Disclosure Statement").

5.      On December 20, 2012, the court entered its *Order Confirming Plan and Approving Disclosure Statement* [Docket No. 52].

6.      On December 28, 2012, the court entered its *Order Authorizing Sale of Debtor's Real Property Free and Clear of Liens, Claims and Interests Pursuant to Debtor's Plan of Reorganization* [Docket No. 60] (the "Sale Order"). Pursuant to the Sale Order, the court authorized the sale of the Debtor's real property known as 16243 S. Tamiami Trial in Lee County, Florida (the "Real Property") to SunTrust Bank free and clear of all liens, claims, encumbrances, and interests.

**RETENTION OF SHAW FISHMAN**

7.      On October 31, 2012, the Debtor applied to the court for an order approving the retention of Shaw Fishman as general bankruptcy counsel in connection

with the Debtor's case (the "Case") and the compensation arrangement related thereto [Docket No. 27] (the "Retention Application").

8.      On November 8, 2012, this court entered an order approving the Retention Application and authorizing the Debtor to employ Shaw Fishman as general bankruptcy counsel in connection with the Case effective as of the Petition Date [Docket No. 30] (the "Retention Order").

## THE SERVICES RENDERED BY SHAW FISHMAN

9.      From and after the inception of Shaw Fishman's representation of the Debtor up to and including the present time, Shaw Fishman has served as legal counsel to the Debtor with respect to all bankruptcy matters that have arisen in or with respect to the Case.  In connection therewith, Shaw Fishman has provided substantial bankruptcy legal Services to the Debtor, including analysis of the Debtor's assets and liabilities, advising the Debtor with respect to its rights and obligations under chapter 11 of the Bankruptcy Code, drafting and presenting the Plan and Disclosure Statement to the court, and representing the Debtor in the sale of its Real Property.

10.     Attached hereto and made part hereof is Exhibit A, which are invoices for Services and expenses during the Application Period (the "Invoices").

11.     All of the Services for which compensation is requested were rendered in connection with the Case and related matters.  All of the time described in the annexed exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described Services.  In certain instances, the time reflected in the exhibits has been reduced in an effort by Shaw Fishman to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive Services.

12.     The hourly rates charged by the bankruptcy professionals of Shaw Fishman who worked on the Case and whose time is a part of the Services are as follows:

| **Members** | **Rate** |
|---|---|
| Robert W. Glantz | $485 - $495 |

| **Associates** | **Rate** |
|---|---|
| Kimberly A. Bacher | $330.00 |
| Marc S. Reiser | $275.00 |

| **Paralegals** | **Rate** |
|---|---|
| Patricia M. Fredericks | $190.00 |

These rates are based on the experience and expertise of the respective personnel.

13.     The Services have required a total of 154.40 hours on the part of Shaw Fishman as more fully set forth in the Invoices. *See* Exhibit "A."   Based upon the customary and reasonable rates charged by Shaw Fishman for Services in cases under the Bankruptcy Code and for Services other than Services rendered in cases under the Bankruptcy Code, the fair and reasonable value of the Services is not less than $57,190.00 (the "Compensation Request").   All of the Services for which compensation is requested were Services which, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

14.     In an effort to provide the court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's Services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its Services into separate categories of Services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 17.50 | $6,603.00 |
| Disclosure Statement | 16.70 | $6,798.00 |
| Injunction | 11.50 | $3,844.50 |
| Motion to Dismiss | 21.10 | $8,085.00 |
| Motion to Transfer Venue | 8.30 | $3,151.50 |
| Plan | 24.60 | $9,322.50 |
| Sale of Assets | 23.90 | $6,698.00 |
| Statements and Schedules | 6.60 | $1,401.50 |
| Settlement | 24.20 | $11,286.00 |
| **Total** | **154.40** | **$57,190.00** |

15.　　The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed.[1] The Invoices provide detailed descriptions of all Services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

## Case Administration

Shaw Fishman expended 17.50 hours of professional Services having a value of $6,603.00 in connection with Services pertaining to general case administration. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting and presenting retention applications; (b) evaluating cash collateral issues; and (c) preparing for and attending the Debtor's 341 meeting of creditors.

## Disclosure Statement and Plan

---

[1] The Application does not describe categories with less than $4,000 in fees. The Invoices set forth detailed information on these categories.

Shaw Fishman expended 41.30 hours of professional Services having a value of $16,120.00 in connection with the Debtor's Disclosure Statement and Plan. Services rendered by Shaw Fishman in this category include, among other things: (a) drafting, reviewing, and revising the Disclosure Statement and Plan; (b) conferring with counsel for SunTrust Bank ("SunTrust") and other creditors on the terms of the Plan; and (c) preparing for and attending hearing to confirm Plan and approve Disclosure Statement.

## Motion to Dismiss

Shaw Fishman expended 22.10 hours of professional Services having a value of $8,085.00 in connection with Services pertaining to SunTrust's Motion to Dismiss. Services by Shaw Fishman in this category include, among other things: (a) drafting and reviewing response to motion to dismiss; (b) preparing for and attending hearing on motion to dismiss; and (c) researching issue of bath faith filings.

## Sale of Assets

Shaw Fishman expended 23.90 hours of professional Services having a value of $6,698.00 in connection with Services pertaining to the sale of the Debtor's Real Property. Services by Shaw Fishman in this category include, among other things: (a) drafting bidding procedures for auction of Real Property; (b) implementing advertising for sale; and (c) conducting auction of Real Property and preparing for and attending hearing to approve sale.

## Settlement

Shaw Fishman expended 24.20 hours of professional Services having a value of $11,286.00 in connection with Services pertaining to the settlement between the Debtor and SunTrust. Services by Shaw Fishman in this category include, among other things: (a) engaging in settlement discussions with counsel for SunTrust; (b) review and revise settlement agreement; and (c) draft 9019 motion to compromise claims with SunTrust.

<u>**Summary of Services Rendered By Professional**</u>

In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Robert W. Glantz | Member | $485-$495 | 60.10 | $29,726.50 |
| Kimberly A. Bacher | Associate | $330.00 | 57.20 | $18,876.00 |
| Marc S. Reiser | Associate | $275.00 | 18.10 | $4,977.50 |
| Patricia M. Fredericks | Paralegal | $190.00 | 19.00 | $3,610.00 |

The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing Services to the Debtor in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard

have inured to the benefit the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the Services; (b) the time spent; (c) the rates charged for such Services; (d) the performance of the Services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the Services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

Shaw Fishman has not previously sought compensation as this is the first such application. Shaw Fishman submits that the Compensation Request is reasonable and requests the entry of an order authorizing compensation for the Services as set forth herein.

## EXPENSES

The actual and necessary costs expended by Shaw Fishman during the Application Period are detailed in the monthly invoices that are attached as Exhibit "A." The requested reimbursement amount for expenses incurred is $1,422.45. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|----------|--------|
| Photocopy | $232.50 |
| Postage | $72.90 |

| Category | Amount |
|---|---|
| Federal Express/Shipping | $46.84 |
| Westlaw/Pacer Research | $556.21 |
| Miscellaneous | $514.00 |
| **TOTAL:** | **$1,422.45** |

Photocopy: Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying Services may include binding or color copying.

Postage. Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

PACER. Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Fishman makes no profit on PACER charges but merely passes through its research expenses to the Debtor.

Westlaw. Shaw Fishman utilized Westlaw whenever it was determined that using Westlaw was more cost effective than using traditional or non-computer-assisted legal research. Shaw Fishman contracted with Westlaw for a research package that includes pre-paid access to certain bankruptcy resources, plus an hourly rate for all other usage. Westlaw charges reflect the actual out-of-pocket expense incurred by Shaw Fishman for,

where the research falls within the pre-paid bankruptcy research package, actual usage billed at a rate of $2.00 per minute. Shaw Fishman submits that the Westlaw package provides the most cost-efficient means of access computerized legal research, and the lowest cost possible to the client. Shaw Fishman makes no profit on Westlaw or other legal research expenses.

### PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE

This is Shaw Fishman's first and final application for compensation and reimbursement of expenses. Before the Petition Date, the Debtor paid Shaw Fishman a prepetition retainer in the amount of $28,000.00 (the "Retainer"), of which $4,792.00 was used and applied to prepetition services and expenses. The balance has not been applied.

### COMPLIANCE WITH 11 U.S.C. § 504

Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

### NOTICE

A copy of this Application has been served upon the United States Trustee and the parties on ECF service list. A notice of hearing has been served on the Debtor's 20 largest creditors. Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)     Allows Shaw Fishman $57,190.00 in compensation for the Application Period;

(b)  Allows Shaw Fishman $1,422.45 in expense reimbursement for the Application Period;

(c)  Authorizes and directs the Debtor to pay Shaw Fishman the entire amount of such allowed fees and expenses, less the remaining balance of the Retainer.

(d)  Waives other and further notice of the hearing with respect to this Application; and

(e)  Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Dated: March 26, 2013

Respectfully submitted,

**SHOPPES AT THE FOREST LLC,**

By   _/s/ Robert W. Glantz_____
One of its attorneys

Robert W. Glantz (No. 6201207)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street
Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
Fax: (312) 980-3888